```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY MODICA,
                                              NOT FOR PUBLICATION
                 Plaintiff,
                                              MEMORANDUM & ORDER
         -against-
                                              14-CV-1384 (KAM)
EASTERN SAVINGS BANK, FSB, OZONE
PARK FUNDING ASSOCIATES, H-P
CAPITAL, LLC, WACHOVIA BANK N.A.,
FIRST UNION NATIONAL BANK, SHELDON
FARBER, ESQ., EDWARD FELDMAN,
ESQ., KARAMVIR DAHIYA, ESQ., PAUL
KERSON, ESQ., KARINA ALOMAR, ESQ.,
TOPAZ ENTERPRISES, INC., JOHN DOE
# 1-4,

                 Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

        Plaintiff *pro se* Anthony Modica initiated this action by filing a complaint on March 3, 2014. (ECF No. 1, Complaint, 3/3/14.) Plaintiff alleged jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332 against defendants Eastern Savings Bank, FSB, Ozone Park Funding Associates, H-P Capital LLC,[1] Wachovia Bank, N.A., First Union National Bank, Sheldon Farber, Esq., Edward Feldman, Esq., Karamvir Dahiya, Esq., Paul Kerson, Esq., Charles Mester, Esq., Karina Alomar, Esq., Topaz Enterprises, Inc., and John Does #1-4 arising from a foreclosure action in New York state supreme court. (ECF No. 1, Complaint, 3/3/14.)

---

[1] Although plaintiff has sued both Ozone Park Funding Associates and H-P Capital LLC, he has also alleged that Ozone Park Funding Associates was formerly known as H-P Capital, LLC. (Complaint ¶ 3.)

1

After numerous defendants argued in letters that this court lacked subject matter jurisdiction over plaintiff's complaint, the court held a pre-motion conference on April 8, 2014, during which it stated that it would construe the letters filed by defendants as motions to dismiss for lack of subject matter jurisdiction, explained the arguments made by defendants to plaintiff, ordered plaintiff to respond to those arguments on or before April 22, 2014, and ordered defendants to file any replies on or before April 29, 2014. (Minute Entry dated 4/8/14.)[2] After considering the additional submissions made by the parties, the court grants defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[3]

**DISCUSSION**

**I. Standard of Review**

Although plaintiff is proceeding *pro se*, and his complaint is held to less stringent standards than pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he must still establish that the court has subject matter jurisdiction over this action. *See, e.g.*, *Rene v.*

---

[2] Upon motion of plaintiff, all claims against defendant Charles Mester, Esq., were dismissed on April 8, 2014. (Stipulation and Order dated 4/8/14.)

[3] Although Mr. Feldman has alleged that plaintiff may have been assisted by someone who was practicing law without a license, (ECF No. 49, Letter by Edward Feldman, Esq., 4/17/14, at 1 n.1), the court declines to make a referral to authorities and takes no position as to whether any of the parties wish to make such a referral.

*Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

## II. Jurisdiction

### A. Diversity Jurisdiction

District courts can exercise diversity jurisdiction when the amount in controversy exceeds $75,000 in a case between citizens of different states, *see* 28 U.S.C. § 1332(a)(1), but only where "there is no plaintiff and no defendant who are citizens of the same State," *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, plaintiff has alleged in his complaint that he is a resident of New York state, that defendant Eastern Savings Bank is a resident of New York state, that defendant Ozone Park Funding, formerly known as H-P Capital LLC, is a business with its only office in New York state, and that six of the attorney defendants are attorneys with offices in New York state. (Complaint ¶¶ 1-3, 7, & at p. 2.) Plaintiff also conceded in his additional submission that he "admits to the fact that diversity doesn't exist." (ECF No. 48, Letter dated 4/16/14 from Anthony Modica ("Modica Let."), 4/16/14, ¶ 3.)[4] Accordingly, the court lacks diversity jurisdiction over

---

[4] To the extent plaintiff argues that diversity exists because the amount in controversy exceeds $75,000, he is mistaken because diversity jurisdiction requires *both* complete diversity of the parties *and* an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a)(1).

3

this case pursuant to 28 U.S.C. § 1332(a)(1) because there is not complete diversity between the parties.

### B. *Rooker-Feldman* Doctrine

This action is also barred from federal review under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 n.16 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Second Circuit has "set forth four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain[] of injuries caused by [a] state-court judgment; (3) the plaintiff must invit[e] district court review and rejection of [that] judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009) (summary

order) (alterations in original) (internal quotations and citations omitted).

It is well-settled that judgments of foreclosure and disputes concerning landlord-tenant relationships are fundamentally matters of state law. *See, e.g.*, *id.* at 21 (holding that *Rooker-Feldman* doctrine precluded plaintiff's attempt to relitigate a state court foreclosure judgment in federal court); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); *Rossman v. Stelzel*, No. 11-CV-4293, 2011 U.S. Dist. LEXIS 120174, at *11 (E.D.N.Y. Oct. 13, 2011) ("[C]ourts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the Rooker-Feldman doctrine."); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233, 236-37 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud).

The state foreclosure proceeding concerned a $990,000 commercial mortgage loan evidenced by a promissory note dated June 24, 2004, and secured by a mortgage on property at 106-09 Rockaway Boulevard in South Ozone Park, New York. (Complaint ¶ 54; Complaint Addendum; ECF No. 11, Letter Motion by Eastern Savings Bank ("Eastern Mot."), 3/25/14, at 1.) Defendant Eastern Savings Bank, FSB ("Eastern") made the loan to 106-09

Rockaway Owners Corporation, a corporation wholly owned by plaintiff. (Eastern Mot. at 1; Complaint Addendum.) After plaintiff's corporation defaulted, Eastern commenced an action to foreclose on the mortgage and filed a summons, verified complaint, and notice of pendency in Queens County Supreme Court under index number 24888/2005. (Eastern Mot. at 1-2; Complaint Addendum.) A judgment of foreclosure and sale was granted in favor of Eastern on May 7, 2008, a foreclosure sale of the property took place on November 18, 2011, and Eastern was the successful bidder at that sale. (Eastern Mot. at 2, Complaint Addendum.) Eastern assigned its winning bid to Topaz Enterprises, Inc., a co-defendant and wholly-owned subsidiary of Eastern. (Eastern Mot. at 2.)

Plaintiff alleges in his complaint that "this case surrounds the illegal foreclosure [sic]," (Complaint ¶ 9), and argues in his opposition that, notwithstanding the *Rooker-Feldman* doctrine, this court "does have subject matter jurisdiction on the basis that (a) a constitutional issues or cause of action exist, (b) that the jurisdictional amount was achieved and (c) that the lending part [sic], Eastern Savings Bank is a federally chartered banking institution," (Modica Let. ¶ 32).

Plaintiff's arguments are meritless. Plaintiff has conceded that this case arises from a foreclosure action in state court that led to a foreclosure on property belonging to a corporation that he wholly owned. (Complaint ¶¶ 51, 53-55, Complaint Addendum.) Thus, the record clearly shows that (i) plaintiff lost in state court, (ii) the underlying injury was the allegedly illegal foreclosure on the property caused by the state court proceeding, (iii) plaintiff challenges the validity of that purportedly "illegal" proceeding, (Complaint ¶ 9), and (iv) plaintiff has filed this complaint after the entry of the state court order. Consequently, because all four factors for the application of the *Rooker-Feldman* doctrine are satisfied, this court lacks subject matter jurisdiction over plaintiff's complaint on this additional ground. *See Ashby*, 328 F. App'x at 21.[5]

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is granted.

---

[5] The court notes that plaintiff filed another complaint in Supreme Court in Queens County alleging similar claims under index number 6007/2014, on April 16, 2014. (ECF No. 63, Reply, 4/29/14, at Exhibit A.)

7

The clerk of court is respectfully requested to enter judgment for defendants, mail a copy of the judgment and this Memorandum & Order to the *pro se* plaintiff, and to close this case.

**SO ORDERED**

DATED: May 2, 2014
       Brooklyn, New York

                                        _____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge